UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UZOMA GOGO NWAKUCHE and KEGO EGBUONU,<br><br>Plaintiffs,<br><br>v.<br><br>REGNERY PUBLISHING, INC., and KENNETH TIMMERMAN,<br><br>Defendants.<br>_____/ | No. C 03-0848 CW (WDB)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL ADDITIONAL RESPONSES TO DISCOVERY REQUESTS |

Having considered the parties' written and oral submissions, the court GRANTS in part and DENIES in part, as reflected in the orders entered below, defendants' Motion to Compel Responses to Certain Interrogatories and Document Requests (docket number 39).

1. Because defendants refuse to concede that the gravamen or essential 'sting' of the allegedly defamatory material is not true, plaintiffs must produce

(a) their personal tax returns, and the tax returns of any ventures in which they held a significant financial interest, for the tax years 1997 and 1998; and

(b) any business contracts to which either plaintiff was a party, or to which any venture in which either plaintiff held a significant financial interest was a party, and that were entered or were in effect during 1997 or 1998; and

1

(c) all communications that occurred in 1996, 1997, or 1998, between any Nigerian governmental official and either plaintiff or any venture in which either plaintiff held a significant financial interest.

2. Defendants attempt to justify some of their discovery probes on the theory that they are necessary to fairly test plaintiffs' damages claims. But because neither plaintiff will seek damages based on any economic harm that might have been caused by the publication of the allegedly defamatory material, no discovery into either plaintiff's financial circumstances (past or present) can be justified on this theory. However, because plaintiffs assert that the publication of the allegedly defamatory material caused them to suffer severe emotional and reputational damages, for the period beginning in January of 2000 through the present, plaintiffs must disclose (through documents and deposition testimony) (1) all of their medical records and (2) all occurrences that might reasonably be expected to cause a person to experience substantial emotional harm or feelings of sadness or depression.

3. Defendants also seek to justify some discovery probes on the theory that plaintiffs might be deemed "public figures." Defendants could not identify a reasonable basis for this theory as to plaintiff Egbuonu – and the basis for the theory as to plaintiff Nwakuche was thin. As a consequence, the only documentary discovery the court orders at this time on this theory is disclosure by Mr. Nwakuche of a full version of his resume. Defense counsel may ask questions designed to explore Mr. Nwakuche's notoriety during his deposition.

4. Plaintiffs must make a reasonable effort to find current contact information for each person they have identified as having knowledge that might support their contentions in this litigation. After making this reasonable effort, plaintiffs (through

1 | their lawyer) must promptly share this information with defense counsel. Plaintiffs'
2 | counsel also must help defense counsel locate and communicate with the three
3 | witnesses who apparently live in the East Bay.

Except to the extent set forth above, defendants' motion to compel is DENIED.

IT IS SO ORDERED.

Dated: October 12, 2005.

           /s/ Wayne D. Brazil
           WAYNE D. BRAZIL
           United States Magistrate Judge

Copies to:

    All parties, CW,
    WDB, Stats