ANDRE Y. BATES (State Bar No. 178170)
BAKER & HOSTETLER LLP
333 South Grand Avenue
Suite 1800
Los Angeles, CA  90071-1523
Telephone:     (213) 975-1600
Facsimile:      (213) 975-1740

Attorneys for Defendant REGNERY PUBLISHING, INC. and KENNETH R. TIMMERMAN

BRUCE W. SANFORD
ROBERT D. LYSTAD (admitted pro hac vice)
MARK I. BAILEN (admitted pro hac vice)
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
Telephone:     (202) 861-1500
Facsimile:      (202) 861-1783

Of Counsel for Defendant REGNERY PUBLISHING, INC. and KENNETH R. TIMMERMAN

GRANTED
Judge Joseph C. Spero
March 9, 2006

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UZOMA GOGO NWAKUCHE and KEGO EGBUONO,<br><br>    Plaintiffs,<br><br>v.<br><br>REGNERY PUBLISHING, INC. and KENNETH R. TIMMERMAN,<br><br>    Defendants. | Case No. 4:03-cv-00848 CW/WDB/JCS<br><br>**UNOPPOSED APPLICATION BY DEFENDANT TIMMERMAN TO APPEAR AT MARCH 15, 2006 SETTLEMENT CONFERENCE VIA TELEPHONE**<br><br>Settlement Conference<br>Magistrate Judge Spero<br>Date:  March 15, 2006<br>Time:  9:30 a.m. |

COMES NOW defendant Kenneth Timmerman, by and through the undersigned counsel, and hereby requests that he be permitted to attend the March 15, 2006 Settlement Conference in the above-captioned matter via telephone, and as support thereof, states as follows:

1. Mr. Timmerman's wife will be traveling overseas during the week of March 15, 2006, and requiring Mr. Timmerman to travel from his Maryland home to San Francisco for the conference will pose a substantial hardship on him and his family, as he has two school-age children under his care.

2. The defendants in this matter are covered by insurance and the representative of the carrier with full authority to negotiate up to the limits of coverage will be in attendance at the conference.

3. A representative from defendant Regnery Publishing, Inc., the publisher, with full settlement authority, also will be in attendance at the conference.

4. Mr. Timmerman previously attended the Early Neutral Evaluation conference in this matter in August 2004 in San Francisco. He is available to attend this conference via telephone.

5. Counsel for defendants has conferred with counsel for plaintiffs regarding this application, and counsel for plaintiffs consents to this request.

WHEREFORE, Defendant Timmerman respectfully requests that he be permitted to participate in the Settlement Conference scheduled for March 15, 2006 via telephone.

Respectfully submitted,

DATED: March 3, 2006

ANDRE Y. BATES (State Bar No. 178170)
BRUCE W. SANFORD
ROBERT D. LYSTAD (*admitted pro hac vice*)
MARK I. BAILEN (*admitted pro hac vice*)
BAKER & HOSTETLER LLP

Counsel for Defendants Regnery Publishing Inc. and Kenneth R. Timmerman

# PROOF OF SERVICE

I, Denise Palmer, declare:

I am employed in Washington, D.C.. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1050 Connnecticut Avenue, NW, Suite 1100, Washington, D.C. 20036. On March 3, 2006, I served a copy of the within document(s):

**UNOPPOSED APPLICATION BY DEFENDANT
TIMMERMAN TO APPEAR AT MARCH 15, 2006
SETTLEMENT CONFERENCE VIA TELEPHONE**

[X] by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. PST and the transmission was reported as complete and without error.

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Washington, D.C. addressed as set forth below.

[ ] by placing the document(s) listed above in a sealed FedEx envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FedEx agent for delivery.

Anthony J. Sperber
Karen Berntson
1808 Sixth Street
Berkeley, CA 94710
Fax: 510-845-1998

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that the above is true and correct.

Executed on March 3, 2006, at Washington, D.C.

_Denise M. Palmer_
Denise Palmer